

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. Byrne Satterfield, Commissioner,
Firemen's Pension Commission
Austin, Texas

Dear Mr. Satterfield:

Opinion No. 0-7444

Re: Clarification of A. G. Opinion
No. 0-6583 and others, with respect
to the twenty-year service provis-
ion.

Your letter requesting an opinion of this depart-
ment upon the above-captioned subject-matter is as follows:

"We have three opinions from your Department on
which either we are not clear or apparently they con-
flict and we would appreciate your clearing them up
for us.

"On April 11, 1945, we requested an opinion on
the following questions:

"1. If an active fireman who has served active-
ly for a period of 20 years or longer but
who has not reached the age of 55 years and
who has elected to remain in the active ser-
vice of the fire department should be killed
not in nor in consequence of the performance
of his duty as a fireman; or if he should die
from a cause or causes not in consequence of
the performance of his duty as a fireman; may
his Board grant and begin paying benefits to
his widow or other dependents immediately af-
ter death or would the Board be compelled to
begin payments on the date he would have
reached the age of fifty-five years?

"2. If a fireman who has retired after having
served 20 years on a fire department but be-
fore he had reached the age of 55 years
should be killed or die from any cause not
in consequence of his duty as a fireman;

should his Board begin paying his dependents
their benefits promptly after his death or
would it be compelled to withhold payment of
such benefits until the fireman would have
reached the age of 55 years?

"In giving your opinion on the above -- Opinion
O-6521 -- you say as follows:

"'We call particular attention to the statement
in the above statute which reads "or shall die from
any cause whatsoever after he has become entitled to
an allowance or pension certificate" since that phrase
will perhaps, and we think does, control the proper
disposition and answer to your questions.

"'Under the provisions of the quoted statutes
above when a fireman has served 20 years, regardless
of his then age, he "may apply to the Board of Trus-
tees for, and it shall be the Board's duty to issue,
a certificate showing the completion of such service."

"'Reading the quoted sentence from Section 12
and the last-quoted section from the amended Section
6 as we construe same a fireman who has served twenty
years is then entitled to and the Board must give him
a pension certificate.

"'Section 12 provides that if a fireman dies from
any cause after he has become entitled to his pension
certificate his widow is entitled to payments as pro-
vided in said section.

"'It is our opinion, therefore, that regardless
of whether the fireman is active or retired at the
time of his death if he has served actively for the
20 year period he is entitled to his pension certifi-
cate and if he thereafter dies his widow and children,
if any, are entitled to receive compensation from the
date of his death in the respective sums as provided
for in said Act.'

"Then on May 11, 1945 we asked for the following
opinion:

"'If a fireman resigned from his fire department
on April 15th, 1944, would he be entitled to a 20

Honorable H. Byrne Satterfield - page 3

year certificate as provided in the amendment which was effective on March 23rd, 1945'. (You corrected the effective date in your opinion).

"In giving your opinion -- Opinion No-0-6583 -- you ruled as follows:

"'We think it plain from the specific language of the newly added matter to Section 6 that the Legislature intended that any eligible and qualified fireman, who shall have completed twenty years of service before reaching the age of fifty-five years, would be entitled to the certificate showing such service, whether such completion is before or after the effective date of Senate Bill 89, provided it is on or after the first day of April A. D. 1939.'

"Then on February 5, 1946 we submitted this question:

"'We have an instance where a fireman had served for 22 years and three months in a Texas fire department and on May 20, 1942 he dies of an heart attack. He was fifty-four years of age at the time of his death. Assuming that his heart attack was not in consequence of the performance of his duty as a fireman and in view of the fact that he had served more than 20 years but had not reached the age of 55 years and the further fact that he died prior to the enactment of the amendment to section 6 of the Act and in the light of your opinions 0-6521 and 0-6583, is his widow entitled to her benefits from the Act and should the benefits be retroactive to the date of her husband's death?'

"In your Opinion 0-7082 you ruled as follows:

"'In our Opinion No. 0-5878 addressed to you, approved March 8, 1944, it was pointed out that the third class of members mentioned in Section 12 above referred to to required death "after" the fireman has become entitled to an allowance or pension certificate. Under the facts herein presented, however, the fireman died May 20, 1942, at the age of 54 years and apparently without making any application to the Board of Trustees for any retirement certificate. Furthermore, to be qualified under the Act, such a fireman must have

reached the age of 55 years, in addition to having served actively for a period of 20 years, to become entitled to be retired from such service or entitled to a certificate.'

"'The amendment of Section 6 of the Statute, considered in our Opinions Nos. 0-6521 and 0-6583, and to which you refer, became effective September 5, 1945, and such amendment does not have a retroactive effect as to deceased members who failed to possess the statutory qualifications at the time of their death.'

"'You are respectfully advised that under the facts submitted your questions are answered in the negative.'

"One point that confuses us is that in your Opinion No. 0-6583 you apparently rule that 'any eligible and qualified fireman, who shall have completed 20 years of service before reaching the age of 55 years, would be entitled to the certificate showing such service, whether such completion is before or after the effective date of Senate Bill 89, provided it is on or after the 1st. day of April 1939'. Then in your Opinion No. 0-7082 you hold that 'and such amendment does not have a retroactive effect as to deceased members who failed to possess the statutory qualifications at the time of their death'.

"We have tried to interpret your Opinion No. 0-7082 as ruling that the amendment would be and is retroactive insofar as firemen who were participating in the system on and after the effective date of the amendment - Senate Bill 89 of the Regular Session of 1945, - but is not retroactive insofar as those firemen who died or left the fire department prior to the effective date of Senate Bill 89 as mentioned above. But when we go back to your Opinion No. 0-6583 which apparently rules that a fireman who left the fire department prior to the effective date of Senate Bill 89 is entitled to the certificate, then we become confused. We fail to see any difference insofar as the retroactiveness is concerned between a fireman who died prior to the effective date of the amendment and one who left the fire department before the effective date of the amendment, provided of course that it applies to the fireman who left the fire department and has not re-entered the fire service."

Honorable H. Byrne Satterfield - page 5

You correctly quote our ruling in Opinion No. 0-6583, which for convenience we reproduce here, as follows:

"We think it plain from the specific language of the newly added matter to Section 6 that the Legislature intended that any eligible and qualified fireman, who shall have completed twenty years of service before reaching the age of fifty-five years, would be entitled to the certificate showing such service, whether such completion is before or after the effective date of Senate Bill 89, provided it is on or after the 1st day of April, A. D. 1939."

There is no conflict between that holding and Opinion No. 0-7082, saying:

"The amendment of Sec. 6 of the statute considered in our Opinions Nos. 0-6521 and 0-6583, and to which you refer, became effective September 5, 1945, and such amendment does not have a retroactive effect as to deceased members who failed to possess the statutory qualifications at the time of their death."

As we understand your letter, your confusion is probably brought about by the use of the phrase "effective date" of the Act, and we can readily understand your position. As we pointed out to you in Opinion No. 0-6583, the body of S. B. No. 89 carried the emergency clause to become effective on its passage, the vote however was insufficient to make it effective from its passage, so that it became legally effective ninety days after the adjournment of the Legislature. That means the Bill and Act became operative -- in force as law -- ninety days after adjournment. But when it did thus become effective, the Act became effective for all purposes according to its provisions, one of which was "On and after the 1st day of April, A. D. 1939, any person", etc. This Act was not retroactive in the legal, constitutional sense, and spoke as law only from and after its effective date ninety days after adjournment. But when it did speak it clearly shows that after the 1st day of April, A. D. 1939, firemen who had at that time or thereafter might have twenty years' service, as therein stated, are entitled to certain rights. The fact that the twenty years' service would date back beyond the effective date of the Bill is of no importance in the consideration. It is permissible for a law to contain that feature. Thus, a law may, under the Constitution, base a provision upon a status or duration, reaching into the

133

past any number of years.

It is true that our Opinion No. O-7082 declares that:

"Such amendment does not have a retroactive effect as to deceased members who failed to possess the statutory qualifications at the time of their death." (Emphasis supplied).

That statement is accurate. It merely means that a fireman who died prior to the effective date of the 1945 Act does not come within the provisions of said Act, although during his life time he had served more than twenty years as a fireman.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

APPROVED NOV 1, 1946

ATTORNEY GENERAL OF TEXAS

OS-MR



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN